IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

**James Richard Cook**　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　　　　　　　　　　　　　　　　Case No. 06-50169

　　　　**Debtor.**

## ORDER DETERMINING TREATMENT OF CLAIM

Pending before the Court is the objection by Capitol One Auto Finance (the "Creditor") to the treatment of its claim under the Chapter 13 Plan proposed by the Debtor. The matter was heard on February 21, 2007, and the parties were given until March 30, 2007, to file memoranda in support of their positions. The Trustee and the Debtor have filed briefs supporting the plan's treatment of the Creditor's claim. The Creditor appeared in support of its objection but has declined to file a brief.

The dispositive issue before the Court is whether a creditor secured by a purchase money security interest in a vehicle purchased within 910 days of the bankruptcy filing is entitled to post-petition interest on the claim. The issue centers on the effect of the 2005 amendments to the Bankruptcy Code, particularly to the added "Hanging Paragraph" inserted at the end of § 1325(a)(5). This paragraph makes § 506 inapplicable to certain claims including those with

purchase money security interests in vehicles that were incurred within 910 days of the filing of the petition. The claim in the present case falls within this category. Section 506(a), *inter alia*, defines the term "allowed secured claim" and in Ch. 13 cases limits it to the value of the replacement cost of the collateral. Section 506(b), *inter alia*, provides that interest on the secured portion of the claim shall be included as a secured claim. Thus, by removing claims such as the one at issued in this case from § 506 and not prescribing a treatment for such claims, an ambiguity is created with respect to how claims secured by a purchase money security interest in a vehicle purchased within 910 days of the bankruptcy filing and the interest thereon should be treated.

In resolving this ambiguity, the Court finds that the most persuasive analysis of this issue to be that in In re Wampler, 345 B.R. 730 (Bankr. D. Kan., 2006). As the Wampler Court noted there appears to be three emerging interpretations of the relevant language.

The first interpretation construes the "910" language to only prohibit the bifurcation of claims into secured and unsecured portions based on the value of the collateral under § 506(a). See, e.g., In re DeSardi, 340 B.R. 790 (Bankr. S.D. Tex. 2006), In re Fleming, 339 B.R. 716 (Bankr. E.D. Mo. 2006), and In re Brown, 339 B.R. 818 (Bankr. S.D.Ga. 2006). Many of these decisions assume without rationale, that a creditor's "910" claim is fully secured and the only issue is whether the creditor is entitled to the contract rate of interest or the rate discussed in Till v. SCS Credit Corp., 541 U.S. 465, 124 S.Ct. 1951, 158 L. Ed. 2d 787 (2004)(finding the prime national interest rate adjusted based on the risk of non-payment to be appropriate on a crammed

down loan), with the majority finding the Till rate to be appropriate.

Under the second interpretation the creditor "must receive the greater of (1) the full amount of the claim without interest; or (2) the amount the creditor would receive if the claim were bifurcated and crammed down (*i.e.* secured portion paid with interest and the unsecured portion paid pro rata)." In re Carver, 338 B.R. 521 (Bankr. S.D. Ga. 2006). The rationale justifying this interpretation is unclear, but seems to be based on the perceived purpose of the amendments to the statute.

The third interpretation and that espoused by the Wampler Court and by the influential treatise, *Collier on Bankruptcy*, is based on an analysis of the language of the statute as written, and finds that the creditor has an allowed claim for the entire pre-petition debt that must be paid in full but without post-petition interest for the duration of a Chapter 13 plan if the debtor wishes to retain the collateral. 8 Collier on Bankruptcy, ¶ 1325.06[1][a] at 1325-28 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2006). This Court finds this interpretation to be most correct. *Collier on Bankruptcy* states:

> It is possible that this language [the Hanging Paragraph] was intended to prohibit the use of section 506(a) to bifurcate a secured claim into an allowed secured claim as part of the cramdown permitted by section 1325(a)(5)(B) and, therefore, that such claims should be treated as fully secured claims regardless of the value of the collateral. But, even if that was the intent, because the new language added to section 1325(a) renders entirely inapplicable for some creditors the only

3

section, section 506(a), that gives those creditors allowed secured claims, it does not to carry out such intent. In fact, earlier versions of the 2005 bankruptcy legislation had contained language which eliminated only the section 506(a) bifurcation of certain claims into secured and unsecured claims based on the value of the property, but did not eliminate their status as allowed secured claims. However, that language was not retained. Courts are required to implement the language of the statute and not what they think Congress might have intended instead. Collier on Bankruptcy, Id. at 1325-27.

This Court agrees with *Collier on Bankruptcy* in concluding that if Congress intended simply to prohibit the cramming down of the secured portion of these claims, it could have easily drafted language to that effect as it did with respect to claims secured by debtors' principle residences in § 1322(b)(2). Instead, Congress chose to make § 506 inapplicable in its entirety. According to the United States Supreme Court, "when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd- is to enforce it according to its term." Lamie v. United States Trustee, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L. Ed.2d 1024 (2004). Thus, according to the plain meaning of the terms of the statute, the relevant claims remain secured claims under state law, but are not "allowed secured claims" as defined by § 506.

Secured claims under state law may be modified under § 1322(b)(2). However, modification of "allowed secured claims" are restricted under § 1325(a)(5). The claims at issue in the present case are not "allowed secured claims", therefore the §1325(a)(5) restrictions on modification do not apply. Accordingly, the Court finds that secured claims to which § 506 does

not apply can be modified to not include post-petition interest as proposed by the Debtor's plan.

In the proposed plan, the Debtor seeks to pay the Creditor's secured claim in full, including pre-petition interest, but modifies the claim to not include post petition interest. As noted above, the Court finds that this treatment of the claim is consistent with the relevant statutes. Accordingly, the Creditor's objection is **OVERRULED**.

**IT IS SO ORDERED.**

ENTERED: AUG 27 2007

Ronald G. Pearson, Bankruptcy Judge